IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ARONDA NEWMAN                                                                    PLAINTIFF

vs.                                    Civil No. 1:11-cv-01035

MICHAEL J. ASTRUE                                                               DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before this Court is Plaintiff's Request for Attorney Fees Under the Equal Access to Justice Act ("EAJA").  ECF No. 12.[1]  Defendant has responded to this Motion and objects to Plaintiff's counsel's hourly rate, number of hours claimed and the request that the fee be made directly payable to him.  ECF No. 14.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, referred this Motion to this Court for the purpose of making a report and recommendation.  In accordance with that referral, this Court enters the following report and recommendation.

**1. Background:**

Aronda Newman ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On April 27, 2012, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 11.

On May 25, 2012, Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA.  ECF No. 12.  With this Motion, Plaintiff requests an award of attorney's fees of

---

[1] The docket numbers for this case are referenced by the designation "ECF No._____."

$2,724.00. *Id.* This amount represents 13.25 attorney hours at an hourly rate of $180.00 for work performed in 2011, 1.05 attorney hours at an hourly rate of $180.00 for work performed in 2012, and 2.00 paralegal hours at an hourly rate of $75.00 for work performed in 2011 and 2012. *Id.* Defendant responded to this Motion on June 7, 2012 and objects to Plaintiff's counsel's requested hourly rate, number of hours claimed and that the fee be made directly payable to him. ECF No. 14.

**2. <u>Applicable Law</u>:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller

> fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. <u>Discussion</u>:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 11. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA ECF No. 14. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $2,724.00 under the EAJA. ECF No. 12. Plaintiff requests these fees at an hourly rate of $180.00 for work performed in 2011 and 2012. *Id.* An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. In this case, Plaintiff

has submitted the CPI calculations justifying an enhanced hourly rate. ECF No. 12. Although Defendant agrees Plaintiff is entitled to an enhanced hourly rate, Defendant opposes the requested rate of $180.00 for attorney work performed in 2011 as excessive.

On January 6, 2012, this Court issued Amended General Order No. 39, which directs adjustments made for cost of living increases be computed using the CPI-South index as published by the Bureau of Labor Statistics. Using this, the allowable hourly rate for 2011 is $174.00. Using Plaintiff's the maximum allowable rates for 2011 results in an EAJA award in this case of $2,644.50 representing 13.25 hours in 2011 at $174.00 per hour, 1.05 hours in 2012 at $180.00 per hour, and 2.00 hours of paralegal time at $75.00 per hour.

Defendant also objects to Plaintiff's fee request because Plaintiff is asking to be compensated for paralegal work that is clerical in nature. ECF No. 14. Specifically, Defendant objects to Plaintiff counsel's request for 0.25 paralegal hours for "File Attorney's Affidavit and Motion for EAJA fees" on May 25, 2012. *Id.* This Court agrees such requested time is clerical in nature and cannot be compensated for under the EAJA. The total allowable paralegal hours are 1.75 at a rate of $75.00 per hour.

Thus, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $2,625.75 representing 13.25 attorney hours in 2011 at $174.00 per hour, 1.05 attorney hours in 2012 at $180.00 per hour, and 1.75 hours of paralegal time at $75.00 per hour.

Finally, Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). ECF No. 14. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid

4

assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no

outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

**4. Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff be awarded **$2,625.75** in attorney's

fees and costs pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact.  The parties are**

**reminded that objections must be both timely and specific to trigger *de novo* review by the**

**district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **12th day of July 2012.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE